ORIGINAL
CI

# UNITED STATES DISTRICT COURT FOR

## THE DISTRICT OF COLUMBIA

**FILED**

APR 3 0 2009

Clerk, U.S. District and
Bankruptcy Courts

CORNELL D.M. JUDGE CORNISH,   )
1101 New Hampshire Ave, NW #301 )
Washington DC 20031-1502 )
(202) 429-9705 Plaintiff *Pro Se*   )

v.                                        )

THE UNITED STATES OF AMERICA, )

THE PATENT AND TRADEMARK )

OFFICE, AND JON DOLL, AND   )

HARRY I. MOATZ  INDIVIDUALLY   )

AND AS OFFICERS RESPECTIVELY   )

UNDER COLOR OF FEDERAL RIGHT   )

                                        )

               Defendants   )

_____   )

**Case: 1:09-cv-00797**
**Assigned To : Roberts, Richard W.**
**Assign. Date : 4/30/2009**
**Description: Admin. Agency Review**



CIVIL COMPLAINT

CLERK
US DISTRICT &
BANKRUPTCY COURTS

1

CIVIL COMPLAINT

This is a timely Summons and Complaint against Defendants for an error

filed Order of March 31, 2009, which misconstrued a simple name change by

Plaintiff on February 8, 1996 by a new substantive exception to the First

Amendment, Constitutional violations, and for <u>Bivens</u> damages the same as, or

similar to, those requested in Case No. 07-1719, filed September 28, 2007, which

is now on appeal from the Court of Appeals for this Circuit under Case No. 08-

5089 to the Court of Appeals for the Federal Circuit under Case No. 2009-1093.

Plaintiff requests jurisdiction under 35 U.S.C. 1331, 1332, 1367 and 2203,

for an extraordinary writ for causes of action, *inter alia* for violations of the First

Amendment; the Due Process Clause; the Privileges and Immunities Clause; the

Taking Clause; the Trademark and Copyright Acts; The Disability Act; the

Administrative Procedure Act, e.g., P.L. No. 87-831, 76 Stat. 958 (1962); P.L. No.

93-596, Sec. 1, 88 Stat. 1949 (1975), 5 U.S.C. 702-706 (2000); 5 U.S.C. 553; 15

U.S.C. 1115 (a) (2000), Section 43 (a) of the Lanham Act; copyright law; contract

and tort claims of the states; and to that end, Plaintiff requests an extraordinary

writ, or other appropriate judicial jurisdiction and supervision, e.g., under 28

U.S.C. 1331 and 1332, etc., for 1) a trial to review and reverse;  2) the

2

Constitutional violations, fraud, irreparable harm, prejudice and unjust enrichment of the Defendants; 3) including violations under the First Amendment, 4) the Due Process Clause; 5) the Privileges and Immunities Clause; 6) the Taking Clause; 7) interference with  attorney client relationships; 8) discrimination; 9) by the facially invalid; 10) arbitrary and capricious abuse of discretion, 11) impermissibly vague and indefinite language; 12) substantive, unreasonable and clearly erroneous, prejudicial errors in the March 31, 2009 Order of the Commissioner of Patent and Trademarks; 13) that summarily and radically changed the First Amendment Law; 14) by substantive rulemaking changes in the Order of the Director of the U.S. Patent and Trademark Office, 15) relating to the use of names, ID's and trade and service marks of Plaintiff in the records in and out of the USPTO; 16) without notice and comment under 5 U.S.C. 553;  17) or a hearing in a full and open public trial, 18) or by discipline after a finding of probable cause; 19) where the Defendants are not immune to stand trial by preemption or deference for substantive changes in the law; 20) under 12 *Off. Gaz. Pat. Office* 12 (March 11, 1986), or otherwise.  *See* page 11 or the Order of March 31, 2009 and *Goldstein v. Moatz,* 364 F.2d 205 (2004).

3

Plaintiff in a First Cause of Action, requests jurisdiction under 35 U.S.C.
1331, 1332, 1367 and 2203, for an extraordinary writ for causes of action, *inter
alia* under the Administrative Procedures Act (APA) and for <u>Bivens</u> damages and
equitable relief the same as or similar to the equitable relief successfully awarded
in *Tafas, et al.* 1:07-cv-846 and 2008 (2008) in the E.D. Va., and in Case No.
2008-1352 in the Fed. Cir. 2008, based on the same Final Rules relied on in that
case and in this case, i.e., as published in 72 Fed. Reg. 46,716 (Aug. 21, 2007),
and herein, including a request for an oral hearing, a jury trial and Declaratory
Judgments to challenge and reverse the substantive changes in First Amendment
law by the summary Order of March 31, 2009  by the Director of the USPTO,
which limited and suppressed Plaintiff First Amendment and Due Process Rights
by impermissibly and summarily holding Plaintiff's old name C. Daniel Cornish,
and his new name Cornell D.M. Judge Cornish, in abeyance secretly and
fraudulently for fraudulent retroactive removal from the register of attorneys in the
USPTO on April 31, 2009 retroactively to an unknown date on or about August 28,
1996, without Plaintiff's prior knowledge, permission, request, acquiescence or
intent, and by holding his old and new names in abeyance for the impermissibly
long and Constitutionally invalid and unenforceable time of 12 years, and by an

4

irresponsibly long delay, clear error, and an incorrect interpretation of the law and

the material facts, with intent to irreparably harm Plaintiff's career and reputation

without Constitutional safeguards or a hearing or a trial until a trial could be held

in this litigation, and in which Plaintiff requests, and the Defendants are required

by judicial intervention, to provide a change in Plaintiff's name in the records of

the USPTO without discretionary conditions or limitations as to scope or time by a

radical new, summary exception to his rights of freedom of speech, press and

petition under the First Amendment, as summarily and retroactively set forth by

illegal rulemaking with impermissibly vague and ambiguous language, by an

arbitrary and capricious abuse of discretion in the cited summary Order without a

hearing or any Constitutional safeguards.  It's time for a trial to begin.

In a Second Cause of Action, incorporating the facts, claims and request for

relief requested in the First Cause of Action, the Plaintiff asks for a Further

Declaratory Judgment declaring that the March 31, 2009 Memorandum and Order

(hereinafter "Order") of the Director of the USPTO, a copy of which is enclosed

and appended as a first Appendix and Exhibit, was fraudulently conceived and

executed based on knowing and material errors and false claims with knowledge

and material intent to irreparably harm the Plaintiff's name, career and reputation.

5

In a Third Cause of Action, incorporating the facts, claims and request for relief requested in the preceding Causes of Action, the Plaintiff asks for a Further Declaratory Judgment declaring that the cited "Order" was an illegal rulemaking Order without proper publication and comment under the APA section 553.

In a Fourth Cause of Action, incorporating the facts, claims and requests for relief requested in the preceding Causes of Action, the Plaintiff asks for an oral hearing and a trial before a jury, or reversal and remand of the summary Order of March 31, 2009, for a hearing requiring a finding of probable cause with the burden of proof on the Defendants for clear and convincing evidence and by meeting their burden of going forward with the evidence to cite well accepted precedent for the summary exceptions made by the cited "Order" to Plaintiff's substantive First Amendment rights of free speech, press and petition, and the failure of the cited "Order" to properly base the reciprocal and retroactive removal on or about August 28, 1996, by retroactively removing from the register of active attorneys authorized to practice in the USPTO Plaintiff's old name of C. Daniel Cornish, which was registered by the Commissioner of Patents and Trademarks on November 7, 1958, and by replacing the old name by a reciprocal substitution and reciprocal retroactive addition of his new changed name of Cornell D.M. Judge

6

Cornish, which was changed to Cornell D.M. Judge Cornish on September 13, 1990, and by securing it on the register of attorneys in the USPTO, retroactively to August 28, 1996 or earlier without conditions or limitations as to scope or time, without a requirement for a showing of fitness or other qualifications or requirements, including any satisfaction of the requirements for registration set forth in 37 C.F.R. 10.7 and/or payment of the fee set forth in 37 C.F.R. 1.21 (a)(3) for said addition, and without meeting the requirements of the language used on page 11 of the March 31, 2009 Order in connection with 1064 *Off. Gaz. Pat. Office* 12 (March 11, 1986).

In a Fifth Cause of Action, incorporating the facts, claims and requests for relief requested in the preceding Causes of Action, the Plaintiff asks for a Further Declaratory Judgment that Plaintiff is not required to take the Patent Office Examination for reinstatement to the register of attorneys in the USPTO.

In a Sixth Cause of Action, incorporating the facts, claims and requests for relief requested in the preceding Causes of Action, the Plaintiff asks for a Further Declaratory Judgment that the Plaintiff is not asking to be reinstated to the register of attorneys in the USPTO.

7

In a Seventh Cause of Action, incorporating the facts, claims and requests for relief requested in the preceding Causes of Action, the Plaintiff asks for a Further Declaratory Judgment that the Plaintiff is authorized to legally practice in the USPTO without taking and passing the Patent Office Examination.

In a Eighth Cause of Action, incorporating the facts, claims and requests for relief requested in the preceding Causes of Action, the Plaintiff asks for a Further Declaratory Judgment that the Plaintiff is authorized to legally practice in the Trademark Office as an attorney.

In a Ninth Cause of Action, incorporating the facts, claims and requests for relief requested in the preceding Causes of Action, the Plaintiff asks for a Further Declaratory Judgment that he can validly and enforce ably practice in the USPTO as an attorney, agent or firm *pro se* without limitation or condition in the USPTO by his actual, physical presence and practice, and in business, records or publications of the USPTO, and at or on the geographical location of the U.S. Patent Office and outside the physical presence of the USPTO, both individually and "on-line" on the internet or off-line without charging him with the illegal practice of law or patent law.

8

In a Tenth Cause of Action, incorporating the facts, claims and requests for relief requested in the preceding Causes of Action, the Plaintiff asks for a Further Declaratory Judgment that Plaintiff can freely express in USPTO records and publications for advertisement and publicity as an inventor and attorney, both his valid, legally copyrighted and un-copyrighted common law and registered name, ID's and marks for legal services under Registration No. 3,466,096 or otherwise,

In a Eleventh Cause of Action, incorporating the facts, claims and requests for relief requested in the preceding Causes of Action, the Plaintiff asks for a Further Declaratory Judgment that there is under the First Amendment and the trademark statutes independently of the Patent Statutes, a presumption of the validity and secondary meaning of Plaintiff's name Cornell. D.M. Judge Cornish, his ID's and marks, to advertise his legal services, attorney work product and inventions by expressing them in the records and publications of the USPTO, including unlimited numbers of patent applications, Continuations, RCEs and claims under Final Rules published in 72 Fed. Reg. 46,716 (Aug. 21, 2007), by incorporating his name, ID's and marks for legal services as an attorney, agent or firm without being charged with the illegal practice of law.

9

In a Twelfth Cause of Action, incorporating the facts, claims and requests for relief requested in the preceding Causes of Action, the Plaintiff asks for a Further Declaratory Judgment that the cited "Order" invalidly changed substantive First Amendment and other Constitutional law, doctrine, statutes, regulations and rules without proper deference to the requirements for publication and comment under the APA Section 553, or otherwise, and the requirements of the First Amendment, the Due Process Clause, the Privileges and Immunities Clause, and the Taking Clause, and the cited "Order" is subject to close scrutiny, the burden of proof of the Defendants by clear and convincing evidence, and the burden of going forward with the evidence that Plaintiff's name, ID's and marks are constitutionally invalid before the Defendants can validly, legally and enforce ably subject them to *prior restraint* and/or censorship.

In a Thirteenth Cause of Action, incorporating the facts, claims and requests for relief requested in the preceding Causes of Action, the Plaintiff asks for Further Equitable relief and money damages with an accounting, including costs, attorney's fees and <u>Bivens</u> damages of at least $50,000 in equity and law, and damages for unjust enrichment by fraudulently demanded and collected fees that were not necessary or reasonable for Constitutional violations, and for irreparable

10

injury without immunity of the Defendants to stand trial, and without preemption of state law or deference under the Patent Laws.

In a Fourteenth Cause of Action, incorporating the facts, claims and requests for relief requested in the preceding Causes of Action, the Plaintiff asks for the same relief that was sought and/or successfully awarded in *Tafas, Id,* by incorporation by reference and waiver of service of process herein, and by incorporation by reference from the attached Appendix, Exhibit and the records of this case, a certified copy of which has been requested from the Defendants under the FOIA or otherwise under the jurisdiction of this Court for leave for discovery, interrogatories and an Order and a subpoena.

In a Fifteenth Cause of Action, incorporating the facts, claims and requests for relief requested in the preceding Causes of Action, the Plaintiff asks for Further Equitable Relief, comprising an injunction against a requirement by the Defendants that Plaintiff take and pass the Patent Office Examination.

In a Sixteenth Cause of Action, incorporating the facts, claims and requests for relief requested in the preceding Causes of Action, the Plaintiff asks for Further equitable relief including a Temporary Restraining Order (TRO) and a

11

Preliminary Injunction against a requirement that Plaintiff take and pass the Patent

Office Examination with a grade assigned, recorded or announced as an Official

grade in the PTO records or otherwise by the Defendants or anyone else for any

purpose, including Continuing Legal Education; a Preliminary and Permanent

Injunction against restricting Plaintiff from taking the Patent Office Examination

an unlimited number of times for CLE;  a Preliminary and Permanent Injunction

against withholding reasonable accommodations for Plaintiff's special needs or age

and gender-related impairments, including 1)  those reasonable accommodations

provided to Plaintiff heretofore; 2) those reasonable accommodations provided to

Plaintiff heretofore, and reasonable additional alternatives, including and enlarged

print MPEP on paper or electronically; 3) reasonable alternatives to the printed

examination papers and parts still further enlarged print question, answers, and

MPEPs allowed to Plaintiff heretofore; 4) reasonable alternatives to those allowed

to Plaintiff heretofore for sighted persons only, including, for example, electronic

and human readers that are available commercially in the USPTO or commercially

for small amounts of money; 5) examinations for CLE without any grading by

OED to preserve the integrity and security of the examination; 6)  reasonable

accommodations by additional commercial sources, including Rosetta Stone,

12

whose customers include the U.S. Army, Department of Homeland Security and the State Department's Foreign Service Institute in Arlington, who make some of their products available through retailers as well as direct channels at kiosks, to provide access at reduced cost to examinations that do not compromise the integrity of the Patent Office Examinations given for an Official Grade; 7) Rectification of the defects, inefficiencies and shortcomings of the present examination system, including inadequate lighting, heating and monitors with the proper authorizations to make accommodations on the site at the time the examination is given, rather than having to exit the examination without taking it; 8) reasonable accommodations to take, review and retake the examination and unlimited number of times with examinations that more closely test the knowledge of Plaintiff than those examinations used heretofore; 9) reasonable accommodations, including permission to take the examination as an official tester and mentor or teacher without an official grade, and alternately to properly provide testing of the integrity, quality, value and competence of the examination and the test taking conditions for its intended purpose.

13

In a Seventeenth Cause of Action, incorporating the facts, claims and requests for relief requested in the preceding Causes of Action, the Plaintiff asks for an Accounting of the money spent by Plaintiff on PTO examinations so far.

In an Eighteenth Cause of Action, incorporating the facts, claims and requests for relief requested in the preceding Causes of Action, the Plaintiff asks for Rescission of the grades received in 2005, 2006, 2007 and 2008 by expunging them from the records of the PTO.

In a Nineteenth Cause of Action, incorporating the facts, claims and requests for relief requested in the preceding Causes of Action, the Plaintiff asks for a Rectification of the uses allowed for the examinations given by the PTO, including their use to slander, embarrass, intimidate, insult, coerce or assault Plaintiff's character or reputation in any way.

In a Twentieth Cause of Action, incorporating the facts, claims and requests for relief requested in the preceding Causes of Action, the Plaintiff asks for a Further Declaratory Judgment that recognizes the validity and enforceability of Plaintiff's expressions of his name, ID's and marks to advertise and gain publicity as an attorney, agent or firm for his legal services, attorney work product and

14

inventions with the imprimatur of the government in publications of his applications, his active, open, continuous, notorious, and exclusive expression, use and reliance on their secondary meaning to exploit, maintain and strengthen them by the acquiescence, estoppel and waiver of the statute of limitations by the Defendants.

In Twenty-first Cause of Action, incorporating the facts, claims and requests for relief requested in the preceding Causes of Action, the Plaintiff asks for Specific Performance of the cited "Order" to recognize the clean hands of the Plaintiff for enjoyment of the portion of the cited "Order" that removes only Plaintiff's old name C. Daniel Cornish so as to substitute there for his new name Cornell D.M. Judge Cornish on the register of Attorneys authorized to practice in the PTO, effective on August 28, 1996, and thereafter to actively, continuously, openly, notoriously, adversely and exclusively exploit, maintain and strengthen his practice under a valid and enforceable registration on the Register of Attorneys authorized to practice in the PTO without condition or limitation as to time or scope, or any requirement for removal with a showing of fitness for reinstatement of any kind without a finding of probable cause, and an opportunity for a hearing.

15

In a Twenty-second Cause of Action, incorporating the facts, claims and requests for relief requested in the preceding Causes of Action, the Plaintiff asks the Court to decide, confirm and declare by a Declaratory Judgment that the Defendants are not immune from standing trial for their Constitutional violations, including claims that do not require necessary relief that depends on the resolution of a substantial question of federal patent law, in that patent law is not a necessary element of one of the well-pleaded claims, including Plaintiff's claim for equitable relief and Bivens damages, costs and attorney's fees for tortious interference causes of action created by the federal courts and by state common law, respectively, not by federal patent law, requiring only proof of two elements: (1) a violation of Plaintiff's constitutional rights, and (2) by agents acting under color of federal law. *See* Bivens 403 U.S. at 389; and, in this case, the elements claimed by Plaintiff, comprise: (1) existence of a business relationship with a named co-inventor, (2) with well-established, undisputed knowledge by Defendants, (3) intentional interference, including by a letter of June 15, 2000, causing an undisputed termination of the relationship, and (4) resulting in undisputed damage, including well-established irreparable damage and prejudice - none of which

16

elements requires resolution of a substantial question of federal patent law. *Goldstein v. Moatz,* 364 F.2d 205 (CA 4th 2004).

In a Twenty-third Cause of Action, incorporating the facts, claims and requests for relief requested in the preceding Causes of Action, the Plaintiff asks for a Further Declaratory Judgment that recognizes the validity and enforceability of In a Twenty-third Cause of Action, incorporating the facts, claims and requests for relief requested in the preceding Causes of Action, the Plaintiff asks for Further equitable relief including a preliminary injunction against the Defendants' new substantive First Amendment exception on page 11 of the "Order," which includes knowing, material errors, including a fixed, unconditional, intention to fraudulently prejudice Plaintiff by temporarily holding Plaintiff's "old" and "new" names in abeyance along with an investigation thereof, until a trial could be held by forcing or otherwise coercing Plaintiff to take the Patent Office examination and to unjustly enrich the Defendants unnecessarily.

In a Twenty-fourth Cause of Action, incorporating the facts, claims and requests for relief requested in the preceding Causes of Action, the Plaintiff asks for a Further Declaratory Judgment that recognizes the validity and enforceability of In Twenty-fourth Cause of Action, incorporating the facts, claims and requests

17

for relief requested in the preceding Causes of Action, the Plaintiff asks for
Specific Performance to rewrite the portion of the cited "Order" necessary to
recognize the clean hands of the Plaintiff.

In a Twenty-fifth Cause of Action, incorporating the facts, claims and
requests for relief requested in the preceding Causes of Action, and the Plaintiff
asks for a Further Declaratory Judgment rectifying the Defendants' fixed,
unconditional, intention with prejudice to the Plaintiff to hold Plaintiff's "old" and
"new" names in abeyance along with an investigation thereof, until a trial can be
held to enjoin Defendants requirement that Plaintiff take and pass the Patent Office
examination.

In a Twenty-sixth Cause of Action, incorporating the facts, claims and
requests for relief requested in the preceding Causes of Action, the Plaintiff asks
for a Further Declaratory Judgment that recognizes the Constitutional violation and
error of the part of the "Order" of March 31, 2009, affirming "The Decision of the
Director of OED on November 7, 2008, to change Plaintiff's name substantively
from C. Daniel Cornish to Cornell D.M. Judge Cornish by secretly, fraudulently
and simultaneously holding Plaintiff's old and his new names in abeyance until a

18

court order could confirm his name change on September 13, 1990, which Plaintiff announced on February 8, 1996.

In a Twenty-seventh Cause of Action, incorporating the facts, claims and requests for relief requested in the preceding Causes of Action, the Plaintiff asks for a Further Declaratory Judgment that recognizes the validity and enforceability of In a letter of March 4, 1996, from the Director of OED strategically mooting the name change by holding his old and new names in abeyance along with an investigation of the name change on the register to preserve the status quo until a later time without notice that the time could in any way be affected by 1064 *Off. Gaz. Pat. Office* 12 (March 11, 1986) without changing the register of attorneys for which there was a presumption of validity without condition by time and scope limitations. *Lacavera v. Dudas*, 441 F.3d 1380 (2006).

In a Twenty-eighth Cause of Action, incorporating the facts, claims and requests for relief requested in the preceding Causes of Action, the Plaintiff asks for a Further Declaratory Judgment that recognizes the validity and enforceability

19

of Plaintiff's name, ID's and marks for legal services and attorney work product,

including the practice of law in the PTO.

In an Omnibus Cause of Action, incorporating the facts, claims and requests

for relief requested in the preceding Causes of Action, the Plaintiff asks for Further

relief that the Court may allow, and his cause may legally justify.

In a Residual Cause of Action incorporating the other Causes of Action, the

Plaintiff's seeks a Declaratory Judgment that there has been a mischaracterization

of Plaintiff's right of publication of his name and right to sue Defendants by

citations, including, *inter alia, Benninghoff v. Superior Court (State of*

*California)*(2006), Cal.App.4th, which cites: *In The Matter of John H. Hoffman, Jr.,*

Case No. Misc. 250, Workers' Compensation Appeals Board, OPINION . . . *See*

*Goldstein v. Moatz,* 364 F.2d 205 (CA 4th 2004).

Respectfully submitted,

Cornell D.M. Judge Cornish
1101 New Hampshire Ave., NW
Suite 301
Washington, DC 20037-1502
Date:   4/30/09                          (202) 429-9705

20