UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

_____
                                )
CORNELL D.M. JUDGE CORNISH,     )
                                )
         Plaintiff,             )
                                )
         v.                     )   Civil Action No. 09-797 (RWR)
                                )
UNITED STATES OF AMERICA,       )
et al.,                         )
                                )
         Defendants.            )
_____)

## MEMORANDUM OPINION AND ORDER

Pro se plaintiff Cornell D.M. Judge Cornish moves for reconsideration of the August 15, 2012 memorandum opinion and order granting the defendants' motion to dismiss.  Cornish reargues legal arguments raised and rejected in the memorandum opinion and order, argues that he has new claims and evidence, and asserts that the court clearly erred on the facts and the law.  Because Cornish has not established that there are extraordinary circumstances warranting relief from final judgment, his motion will be denied.[1]

_____

[1] Cornish also seeks to revive his motion for class certification, which was dismissed as moot on August 15, 2012. See Pl.'s Mot. for Reconsideration at 1; id., Mem. in Supp. of Mot. for Reconsideration at 37.  Because Cornish has not shown that the August 15, 2012 memorandum opinion and order dismissing his complaint should be altered or amended, his motion for class certification will not be reinstated.

-2-

BACKGROUND

The relevant facts are described in earlier opinions.  See
Cornish v. United States (Cornish III), 885 F. Supp. 2d 198, 202-
04 (D.D.C. 2012); Cornish v. Dudas (Cornish II), 813 F. Supp. 2d
147, 147-48 (D.D.C. 2011), aff'd sub nom. Cornish v. Kappos, 474
F. App'x 779 (Fed. Cir. 2012); Cornish v. Dudas (Cornish I), 715
F. Supp. 2d 56, 59-60 (D.D.C. 2010).  In 1958, Cornish passed the
patent examination and was registered to practice before the U.S.
Patent and Trademark Office ("USPTO").  Cornish III, 885 F. Supp.
2d at 202.  In 1995, one of Cornish's former clients filed a
complaint against Cornish.  Id.  Cornish sent a letter to the
USPTO stating that he would "ceas[e] practice" before the USPTO.
Id. (alteration in original) (quoting Cornish I, 715 F. Supp. 2d
at 59).  In response, the USPTO sent Cornish a letter stating
that it was treating his letter as a request to remove his name
from the patent register and that Cornish should inform the USPTO
if that was not his intention.  Cornish I, 715 F. Supp. 2d at 59.
Cornish did not respond.  Id.  Thus, the USPTO removed Cornish
from the patent register in 1996.  Cornish II, 813 F. Supp. 2d at
148.

Nine years later, Cornish requested reinstatement to the
register.  Id.

However, the USPTO denied the request based on
Cornish's failure to present sufficient evidence of his
ability to render patent applicants valuable service
or, in the alternative, to pass the patent examination.

-3-

> Cornish took and failed the patent examinations
> administered in July of 2005, 2006, and 2007, though
> the USPTO's Office of Enrollment Discipline ("OED") had
> granted all of his requests to make reasonable
> accommodations for him to take the exams.  He also sat
> for and failed the 2008 patent exam, during which he
> received the reasonable medical accommodations for
> which he had provided sufficient medical documentation
> establishing a need.

Cornish III, 885 F. Supp. 2d at 202-03 (internal quotation marks

and citations omitted).  In 2008, Cornish petitioned the OED

Director to "reconsider the reasonable accommodations provided to

him during the July 2008 patent examination, and requested

reinstatement to the patent register by either waiver of the

requirement that he pass the examination or permission to retake

the identical examination an unlimited number of times."  Id. at

203.  The OED Director and the Acting USPTO Director's designate

denied Cornish's request for reconsideration.  Id.  Cornish

challenged the denial as unconstitutional and also brought other

constitutional and common law claims against the defendants.  Id.

at 203-04.  The defendants, in turn, moved to dismiss Cornish's

amended complaint.

On August 15, 2012, the defendants' motion to dismiss was

granted "[b]ecause Cornish failed to effect proper service upon

the individually-named defendants, his claim regarding USPTO

rules [was] moot, sovereign immunity [barred] his common law

claims and constitutional claims against the government and the

employees in their official capacities, and res judicata [barred]

-4-

his reinstatement claim[.]" <u>Id.</u> at 202.  On August 24, 2012,

Cornish moved for reconsideration of these rulings arguing that

he has alleged new claims, there has been a recent change in law,

and there is "new evidence unavailable to the Plaintiff and Court

heretofore[.]"  Pl.'s Mot. for Reconsideration ("Pl.'s Mot.") at

2-3.  He also argues that he is an active member of the patent

bar, <u>id.</u> at 9-13, 19, and that he never received a letter from

the USPTO stating that it construed Cornish's letter as a request

to remove Cornish from the patent register, <u>id.</u> at 11.

DISCUSSION

Cornish does not specify in his motion whether he is moving

for reconsideration under Federal Rule of Civil Procedure 59(e)

or 60(b).  However, "[a] motion to reconsider a final order is

generally treated as a Rule 59(e) motion if it is filed within

[28 days after the entry of judgment] and as a Rule 60(b) motion

if it is filed thereafter."  <u>Roane v. Gonzales</u>, 832 F. Supp. 2d

61, 64 (D.D.C. 2011) (citing <u>Lightfoot v. District of Columbia</u>,

355 F. Supp. 2d 414, 420-21 (D.D.C. 2005)).  Here, Cornish filed

his motion for reconsideration less than 28 days after the

judgment dismissing his complaint was entered.  Thus, Cornish's

motion will be analyzed under Rule 59(e).

"Rule 59(e) motions 'need not be granted unless the district

court finds that there is an intervening change of controlling

law, the availability of new evidence, or the need to correct a

-5-

clear error or prevent manifest injustice.'" <u>Anyanwutaku v.
Moore</u>, 151 F.3d 1053, 1057-58 (D.C. Cir. 1998) (quoting <u>Firestone
v. Firestone</u>, 76 F.3d 1205, 1208 (D.C. Cir. 1996) (per curiam)).
Such motions "may not be used to relitigate old matters, or to
raise arguments or present evidence that could have been raised
prior to the entry of judgment." <u>Exxon Shipping Co. v. Baker</u>,
554 U.S. 471, 485 n.5 (2008) (internal quotation marks omitted).

Motions for reconsideration are "disfavored" and "[t]he
granting of such a motion is an unusual measure[.]" <u>Cornish II</u>,
813 F. Supp. 2d at 148 (internal quotation marks omitted) (citing
<u>Kittner v. Gates</u>, 783 F. Supp. 2d 170, 172 (D.D.C. 2011); <u>Wright
v. FBI</u>, 598 F. Supp. 2d 76, 77 (D.D.C. 2009)). "[T]he moving
party bears the burden of establishing 'extraordinary
circumstances' warranting relief from a final judgment."
<u>Schoenman v. FBI</u>, 857 F. Supp. 2d 76, 80 (D.D.C. 2012) (quoting
<u>Niedermeier v. Office of Baucus</u>, 153 F. Supp. 2d 23, 28 (D.D.C.
2001)).

Cornish alleges that there is newly discovered evidence that
shows that material facts relied upon in the August 15, 2012
memorandum opinion and order were incorrect. First, Cornish
claims that it is now undisputed that he is an "active" "USPTO
registered patent practitioner" because the defendants admitted
this "fact" in their appellate brief. <u>See</u> Pl.'s Mot., Mem. in
Supp. of Mot. for Reconsideration ("Pl.'s Mem.") at 34. The

-6-

alleged admission is in the defendants-appellees' brief submitted
to the United States Court of Appeals for the Federal Circuit in
Cornish v. Kappos, et al., Appeal No. 2012-1157.  The first
sentence of the the defendants' brief stated: "Cornish, a USPTO
registered patent practitioner on voluntary inactive status for
nine years, petitioned the USPTO for reinstatement to active
status."  Defs.' Opp'n to Pl.'s Mot. for Reconsideration ("Defs.'
Opp'n"), Ex. A at 2.[2]  This statement does not support Cornish's
assertion that he is an "active" patent practitioner.  Cornish
also alleges that the defendants' statement shows that the USPTO
did not construe his letter as a request to remove him from the
register.  Even if Cornish is correct, Cornish's reinstatement
claim was dismissed because it was barred under res judicata and
Cornish has not shown that evidence that the USPTO did not
construe his letter as a request to remove him from the patent
register would affect this determination.  Second, Cornish
asserts as new evidence that he has renewed every year his badge
necessary to gain entry to the USPTO.[3]  Pl.'s Mot. at 10, 20.

_____

[2] Cornish also moves to "certify" this statement as "undisputed
new evidence."  Pl.'s Mot. to Certify at 2.  Cornish has not
clearly stated the relief he is seeking, but to the extent that
Cornish is requesting that this statement be considered in
deciding the instant motion for reconsideration, the motion for
certification will be denied as moot because the evidence is
raised in Cornish's motion for reconsideration and, as such, is
already before the court.

[3] In their opposition, the defendants explain that the badge
Cornish refers to is a badge issued by the USPTO to "any person

There is nothing new to Cornish about his yearly badge renewals, evidence he could have raised before the final order dismissing his complaint was entered.  Nor does Cornish explain how evidence of his badge renewals would affect the decision to dismiss his claims in the August 15, 2012 memorandum opinion and order.  Thus, Cornish has not shown that he has new evidence that provides a basis for reconsidering Cornish's claims.

The "errors" that Cornish cites are all findings supported by the record.  See Cornish I, 715 F. Supp. 2d at 59-60 (citing exhibits in the record).  Moreover, the purported errors do not affect whether Cornish properly served the individually-named defendants or whether sovereign immunity and res judicata bar his claims against the other defendants.

Cornish also implies that the Leahy-Smith America Invents Act, Pub. L. No. 112-29, 125 Stat. 284 (2011) (codified in scattered sections of 35 U.S.C.), is an intervening change in law.  See Pl.'s Mot. at 3; Pl.'s Mem. at 40.  However, Cornish does not demonstrate how the changed law affects the determinations in the August 15, 2012 memorandum opinion and

---

who wishes to use the agency's public search facility."  Defs.'
Opp'n at 9.  "The badge holder is to display the badge when
passing through security access checkpoints in the public search
facility."  Id. at 9-10.

-8-

order.[4]  Thus, he has not shown that there was an intervening change in *controlling* law.

Finally, Cornish alleges that he has new claims that warrant consideration.  <u>See, e.g.</u>, Pl.'s Mem. at 39 (listing several claims including a common law false light claim and a number of constitutional claims).  However, most of Cornish's "new" claims were previously decided and he has not shown that his new false light claim could not have been raised previously.  Because a motion for reconsideration is not an opportunity to relitigate claims previously decided and is not "a vehicle for presenting theories or arguments that could have been raised previously," <u>Fund For Animals v. Williams</u>, 311 F. Supp. 2d 1, 5 (D.D.C. 2004) (citing <u>Kattan v. District of Columbia</u>, 995 F.2d 274, 276 (D.C. Cir. 1993)), Cornish's "new" claims do not support his motion for reconsideration.

<u>CONCLUSION</u>

Cornish has not demonstrated that there are extraordinary circumstances warranting relief from the August 15, 2012 memorandum opinion and order.  Accordingly, it is hereby

---

[4] Cornish claims, without citation to any provision in the Act, that the Leahy-Smith America Invents Act granted the "express and exclusive jurisdiction" over "claims not involving patents or patent law" to the "Court of Appeals of the District of Columbia[.]"  Pl.'s Mot. at 2-3.  The proper appeals court was not at issue in the August 15, 2012 memorandum opinion and order.

-9-

ORDERED that the plaintiff's motion [49] for reconsideration be, and hereby is, DENIED.  It is further

ORDERED that the plaintiff's motion [51] to certify evidence be, and hereby is, DENIED as moot.

SIGNED this 29th day of March, 2013.


_____/s/_____
RICHARD W. ROBERTS
United States District Judge